[No. 20437.   Department One.   July 13, 1927.]

M. WEBSTER, *Respondent*, v. MARY S. WEBSTER, *Appellant*.[1]

Appeal from a judgment of the superior court for Kitsap county, French, J., entered June 1, 1926, upon findings in favor of the plaintiff, in an action for divorce.   Affirmed.

*Browder Brown* and *Lorenzo Dow*, for appellant.
*Marion Garland*, for respondent.

MITCHELL, J.—This is a divorce action commenced within three years after the marriage of the parties.   There was no issue of the marriage.   Each party applied for a divorce, and upon the trial each was granted an interlocutory decree.   The decree makes disposition of the property of the parties.   Costs were taxed against the husband.   The wife has appealed.

The controversy here is over the disposition made of the property.   Altogether the property is of small value.   Financially the parties were worse off at the time of the trial than they were at the date of the marriage.   We have examined and considered the evidence which is short but clear and are satisfied that the court made a just and equitable disposition of the property of the parties.
Affirmed.

MACKINTOSH, C. J., MAIN, FULLERTON, and PARKER, JJ., concur.

---

[No. 20669.   *En Banc.*   July 28, 1927.]

THE STATE OF WASHINGTON, *on the relation of Tax Commission et al., Plaintiffs*, v. THE SUPERIOR COURT FOR THURSTON COUNTY, *Respondent*.[2]

Application filed in the supreme court May 7, 1927, for a writ of certiorari to review a judgment of the superior court for Thurston county, Wilson, J., setting aside the valuation of a leasehold interest by the tax commission of the state.   Denied.

*The Attorney General, R. G. Sharpe, Assistant, Thomas J. L. Kennedy*, and *Arthur Schramm*, for relators.
*Donworth, Todd & Holman, Donald G. Graham*, and *Frank C. Owings*, for respondent.

PER CURIAM.—The questions involved in this case are settled by the holdings of this court in *Tax Commission v. Metropolitan Building Co., ante*, p. 469, 258 Pac. 473, and for the reasons there stated the writ is denied, and the proceeding dismissed.

[1]Reported in 257 Pac. 1118.
[2]Reported in 258 Pac. 477.